UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01966-RGK (AFMx) | Date | November 01, 2017 |
|---|---|---|---|
| Title | ***NATHAN D. LA MOURE v. HARBORVIEW MORTGAGE LOAN TRUST et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Remanding to State Court

## I. INTRODUCTION

On June 26, 2017, pro se Plaintiff Nathan D. La Moure ("Plaintiff") filed a Complaint in San Bernardino Superior Court against Harborview Mortgage Loan Trust 2005-9 Mortgage LOA Pass-through Certificates, series 2005-9 ("Harborview"), Specialized Loan Servicing LLC ("SLS"), Mortgage Law Firm PLC ("MLF"), Deutsche Bank National Trust Company ("Deutsche"), JPMorgan Chase Bank ("Chase"), Washington Mutual Bank ("WaMu"), California Reconveyance Company ("Cal-Recon"), RE/MAX, and two hundred Doe defendants (collectively, "Defendants").

This suit arises out of Defendants' foreclosure on Plaintiff's property. Plaintiff specifically alleges the following claims: (1) breach of written contract; (2) breach of oral contract; (3) unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq*., also known as the California Unfair Competition Law ("UCL"); (4) wrongful foreclosure; and (5) an action to quiet title.

Defendants removed this action to federal court on September 27, 2017. For the following reasons, the Court finds that removal was improper and *sua sponte* **REMANDS** this action to California Superior Court for the County of San Bernardino for lack of subject matter jurisdiction.

## II. JUDICIAL STANDARD

A defendant may remove a case from state to federal court when the action could have initially been filed in federal court on the basis of original jurisdiction. 28 U.S.C. § 1441(a). *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Original jurisdiction exists when a case either presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1331; 1332(a). A case presents a federal question if a claim "aris[es] under the Constitution, laws, or treaties of the United States." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331). Once a federal court has a basis for original

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:17-cv-01966-RGK (AFMx) | Date | November 01, 2017 |
| --- | --- | --- | --- |
| Title | ***NATHAN D. LA MOURE v. HARBORVIEW MORTGAGE LOAN TRUST et al.*** | | |

jurisdiction, it can exercise supplemental jurisdiction over state law claims that derive from the same common nucleus of operative facts as the federal law claims. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997); 28 U.S.C. § 1367.

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state court." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005).

## III. DISCUSSION

From a review of the Notice of Removal, it is evident that the Court lacks subject matter jurisdiction over the instant case.

Defendants removed this case under federal question jurisdiction because the unlawful prong of Plaintiff's UCL claim is predicated in part on the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. This is not however a proper basis for federal question jurisdiction.

"By proscribing 'any unlawful' business practices, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (1999) (internal quotations and citations omitted). As such, the "unlawful" prong of the UCL effectively turns a violation of the underlying law into a per se violation of the UCL. *Id.*

Moreover, when a plaintiff's state claim "can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains,* 80 F.3d at 346 (9th Cir. 1996). Here, Plaintiff's UCL claim is predicated on both state and federal law; and thus the TILA violation is not necessary to the overall UCL cause of action.

Accordingly, the Court finds that Plaintiff has not raised a federal question by basing his UCL claim in part on Defendants' alleged violation of TILA. *See e.g California v. Pinnacle Sec. CA. LP,* 746 F.Supp.2d 1129, 1131 (N.D. Cal. 2010) (lawsuit alleging § 17200 cause of action was not subject to removal despite references to TILA because plaintiff was able to show that defendant acted unlawfully based on state law provisions without reference to federal law); *Williams v. Wells Fargo Bank, N.A.*, No. CV 10-4761 PA (PJWx), 2010 WL 3184248, at *3 (C.D. Cal. Aug. 9, 2010); *Castro v. Providian Nat'l Bank,* No. C-00-4256 VRW, 2000 WL 1929366, at *3 (N.D. Cal. Dec. 29, 2000).

There is no other basis for federal jurisdiction over this case. Diversity jurisdiction is lacking. Although the Complaint alleges damages in excess of $75,000, every defendant is not alleged to be

CV-90 (08/21) CIVIL MINUTES - GENERAL Page 2 of 3

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01966-RGK (AFMx) | Date | November 01, 2017 |
|---|---|---|---|
| Title | ***NATHAN D. LA MOURE v. HARBORVIEW MORTGAGE LOAN TRUST et al.*** | | |

diverse from every plaintiff. 28 U.S.C. § 1331(a). Without a basis for original jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims.

**IV. <u>CONCLUSION</u>**

Accordingly, removal was improper and the Court *sua sponte* **REMANDS** this action to California Superior Court for the County of San Bernardino for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

___________ : _________

Initials of Preparer ______________________

CV-90 (08/21) CIVIL MINUTES - GENERAL Page 3 of 3